# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>NICHOLE RENAE HERTER,<br><br>Debtor. | Bankruptcy Case<br>No. 08-41160-JDP |
| R. SAM HOPKINS, Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO STATE UNIVERSITY CREDIT UNION; NICHOLE RENAE HERTER and DAVID HERTER,<br><br>Defendants. | Adv. Proceeding<br>No. 10-8093-JDP |

# JUDGMENT

The Court having conducted a trial in this matter on October 13,

2011, and having entered its Memorandum of Decision on December 15,

JUDGMENT - 1

2011, Dkt. No. 67, for the reasons set forth in that decision, and for other good cause;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The transfer of certain real property located in Bannock County, Idaho (the "Real Property"), by Nichole Renae Herter ("Debtor") to David Herter pursuant to a certain Quitclaim Deed dated August 31, 2009, and recorded on September 1, 2009, as Bannock County Recorder's Instrument No. 20919210 be and is hereby AVOIDED under 11 U.S.C. § 549(a). The Real Property is more specifically described as follows:

> LOT 2, BLOCK 3, HOLMAN ADDITION, BANNOCK COUNTY, IDAHO, AS THE SAME APPEARS ON THE OFFICIAL PLAT THEREOF, RECORDED OCTOBER 5, 1954 AS INSTRUMENT NO. 303188

With a physical address of 1112 Meadowbrook Ln., Pocatello, ID 83201.

2. Pursuant to 11 U.S.C. § 550, Plaintiff R. Sam Hopkins, as chapter 7 trustee of Debtor's bankruptcy estate ("Trustee"), is entitled to recover said transfer of Debtor's undivided one-half interest in the Real Property, free and clear of any lien created by the Deed of Trust, dated August 31, 2009,

JUDGMENT - 2

and recorded on September 1, 2009 as Bannock County Recorder's Instrument No. 20919211 that Defendant David Herter executed in favor of Defendant ISUCU.

    3. Defendants' claims for an administrative expense in Debtor's bankruptcy case are disallowed.

    4. Defendants' counterclaims against the Trustee are hereby dismissed with prejudice.

//end of text//

Dated: January 9, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

JUDGMENT - 3